UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERRI L. STEWART, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 13-30092-KPN ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration | ) ) ) ) |
| Defendant | ) ) ) |

## MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION
(Document No. 23)
December 30, 2014

NEIMAN, U.S.M.J.

  On May 3, 2013, Sherri L. Stewart ("Plaintiff") filed this action for a writ of mandamus directing the Commissioner of the Social Security Administration ("Commissioner") to pay retroactive benefits in accordance with a decision issued by an administrative law judge ("ALJ") on September 25, 2012, as well as attorney's fees. Two days prior, on May 1, 2013, Plaintiff received notice of a change in her benefits amount, as declared in that decision, based on an overpayment. That decision, in turn, was reopened by the Appeals Council via notice dated October 11, 2013, and on November 18, 2013, the Office of Disability Adjudication and Review notified Plaintiff that it would be scheduling an administrative hearing. On January 24, 2014, the Appeals Council issued an order remanding the case to an administrative law judge for further proceedings, including a new hearing.

  Pending before the court is Plaintiff's motion for an injunction seeking to prevent the hearing. During the oral argument on Plaintiff's motion, the court posed certain questions to the parties and asked each to provide further memoranda on those issues. The court also expressed its preference to consider the pending motion together with the merits of the case, as they were somewhat interconnected. Subsequent to oral

argument, the Commissioner reported that she would not pursue the new administrative hearing pending the court's ruling.

After considering the parties' oral arguments, Plaintiff's complaint, and the parties' memoranda, as well as *sua sponte* the issue of subject matter jurisdiction, the court concludes that the administrative hearing must go forward before Plaintiff can properly bring forth her claims in this court. First, to the extent this action is brought under 28 U.S.C. § 1331, the federal question jurisdiction statute, it is barred by the plain language of 42 U.S.C. § 405(h) ("No action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 . . . of Title 28, United States Code, to recover on any claim arising under this chapter."). The scope of section 405(h) is not limited to review of an administrative law judge's decision, as Plaintiff suggests, but instead applies to virtually all claims under the Social Security Act. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13-20 (2000); *see Corliss v. Barnhart*, 225 F. Supp. 2d 104, 107-108 (D. Mass. 2002) (explaining that in *Illinois Council*, "the Supreme Court held that § 405(h) bars not only so-called 'amount' claims, but all claims arising under the statute"). Because Plaintiff's claim clearly "aris[es] under" the Social Security Act, whether it is framed as a claim for "review" or "enforcement" of an administrative decision, *see Weinberger v. Salfi*, 422 U.S. 749, 760 (1975), the court does not have subject matter jurisdiction under section 1331.

Second, mandamus jurisdiction under 28 U.S.C. § 1361, invoked by Plaintiff as well, is also unavailable at this time. Such jurisdiction "is intended to provide a remedy for a plaintiff only if [she] has exhausted all other avenues of relief and only if the defendant owes [her] a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Here, Plaintiff cannot be said to have exhausted all other avenues of relief at the administrative level, in large part because the Appeals Council reopened the ALJ's September 25, 2012 decision. *See id.* at 617; *Corliss*, 225 F. Supp. 2d at 107 n.5. Granted, Plaintiff contends that the Appeals Council lacked the authority to reopen and remand that decision because it was (1) an on-the-record fully favorable decision preventing any further review and (2) based on a negotiated and binding settlement, not in error as alleged. The court, however, is not persuaded. In short, the parties' respective arguments must be further developed. Plaintiff will have the opportunity to

pursue arguments before an administrative law judge and enter relevant evidence into the record, all as due process requires. If necessary, she can then seek review by the Appeals Council and, if still unsatisfied, appeal to this court under 42 U.S.C. § 405(g). *See Corliss*, 225 F. Supp. 2d at 108-109.

In sum, requiring Plaintiff to exhaust her avenues of relief prevents "'premature interference with the agency processes'" and "give[s] the agency a chance 'to compile a record which is adequate for judicial review.'" *Heckler*, 466 U.S. at 619, n.12 (quoting *Weinberger*, 422 U.S. at 765). It also "allows administrative agencies an opportunity to correct their own errors, and potentially avoids the need for judicial involvement altogether." *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 79 (1st Cir. 1997). Although Plaintiff may take issue with what she deems an unnecessary and prolonged delay - - it is true, the doctrine of exhaustion "may delay justice in meritorious cases of which this may be one," *Popps v. Barnhart*, No. 03-11444, 2004 WL 240566 at *3 (D. Mass. Feb. 9, 2004) - - "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 3 (1980).

## ORDER

For the foregoing reasons, the court DENIES Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. The case shall be closed and remanded to the Social Security Administration so that the suspended hearing can go forward.

IT IS SO ORDERED.

DATED: December 30, 2014  /s/  Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

3