UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERRI STEWART, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | ) |
| | ) Civil Action No. 3:13-cv-30092-KAR |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security. | ) |
| | ) |
|     Defendant | ) |

<u>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR WRIT OF
MANDAMUS AND DEFENDANT'S MOTION TO DISMISS</u>
(Dkt. Nos. 47 and 52)

ROBERTSON, U.S.M.J.

    I.    INTRODUCTION

Plaintiff Sherri Stewart ("Plaintiff") has moved for a writ of mandamus directing the Acting Commissioner of Social Security ("Commissioner") to pay retroactive Social Security Disability Insurance ("SSDI") benefits that were awarded to Plaintiff. The Commissioner, in turn, has moved to dismiss Plaintiff's motion on the ground that the payment of the benefits in February 2017 has rendered the motion moot. Notwithstanding Plaintiff's agreement that the mandamus motion is moot to the extent it requests the court to direct the Commissioner to pay the retroactive SSDI benefits, she asks the court to allow so much of her motion as seeks an

---

[1] Carolyn W. Colvin, the Acting Commissioner of Social Security at the time the suit was filed, was the original defendant. Nancy A. Berryhill was named the Acting Commissioner of Social Security on January 23, 2017. "Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action." *Burge v. Berryhill*, C.A. No. 15-279 S, 2017 WL 435753, at *1 (D.R.I. Feb. 1, 2017).

award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner rejoins that Plaintiff's EAJA request is premature.[2]

The parties have assented to the court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. After a hearing on May 22, 2017, the court DENIES Plaintiff's motion for a writ of mandamus (Dkt. No. 47) and ALLOWS the Commissioner's motion to dismiss (Dkt. No. 52) for the reasons set forth below.

II. BACKGROUND

The protracted procedural history of this case, which focuses on the calculation of retroactive SSDI benefits in light of Plaintiff's receipt of workers' compensation benefits, is necessary to understanding the issues before the court. On April 10, 2009, Plaintiff applied for SSDI (Dkt. No. 1-3 at 6). She was found not disabled on June 2, 2009 (Dkt. No. 47-7 at 4). However, on November 11, 2010, upon reconsideration, she was determined to have been disabled as of December 2008 and was awarded retroactive benefits from December 2008 to October 2010 (Dkt. No. 1-3 at 6; Dkt. No. 47-7 at 4). On February 18, 2011 and March 23, 2011, the Social Security Administration ("SSA") billed Plaintiff for its alleged overpayment of her retroactive SSDI benefits due to offsets by workers' compensation benefits that she received (Dkt. No. 1-3 at 6).[3] Plaintiff disagreed with the SSA's calculation of the amount of the offset,

---

[2] Plaintiff did not file a separate motion seeking fees and expenses under the EAJA. Instead, she included a "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412" and supporting memorandum and documentation as attachments to her motion for a writ of mandamus (Dkt. Nos. 47-1, 47-2, 47-3, 47-4, 47-6).

[3] "[S]ection 224(a) of the [Social Security] Act, 42 U.S.C. § 424a(a), provides for an offset of workers' compensation benefits against SSDI benefits, *i.e.,* SSDI benefits are to be reduced for any month (prior to the month in which the individual attains the age of 65) in which the individual is entitled to both SSDI and periodic workers' compensation benefits so that the benefit total from the two sources does not exceed eighty percent of his pre-disability earnings." *Avery v. Astrue*, 602 F. Supp. 2d 266, 268 (D. Mass. 2009).

claimed that she was owed additional retroactive SSDI benefits, and requested a hearing before an Administrative Law Judge ("ALJ") after the SSA denied her request for reconsideration (Dkt. No. 1-3 at 6). On September 7, 2012, Plaintiff and the SSA's Office of Dispute Resolution ("ODAR") agreed on a settlement amount, which they recommended to the ALJ (Dkt. No. 47-7 at 5). On September 25, 2012, accounting for the workers' compensation offset, the ALJ awarded the following retroactive benefits to which Plaintiff and ODAR had agreed: $11,520 to Plaintiff; $6,298 to her daughter; and $4,020 to her son (Dkt. No. 1-3 at 7-8; Dkt. No. 47-7 at 5).

Because the Commissioner did not pay the retroactive SSDI benefits the ALJ awarded, on May 3, 2013, Plaintiff sought mandamus relief in this court (Dkt. No. 1; Dkt. No. 1-3 at 8). In August 2013, a claims authorizer in the Centralized ALJ Group of the Processing Center of the SSA's Office of Centralized Operations reviewed Plaintiff's file in response to her writ of mandamus and determined that the ALJ miscalculated Plaintiff's workers' compensation offset for December 2008 through July 2010 and, thus, the ALJ's decision was erroneous (Dkt. No. 14-1 ¶¶ 3, 5, 6, 7). The claims authorizer referred the case to the Appeals Council by submitting a "protest memorandum" (Dkt. No. 14-1 at ¶ 9). On January 24, 2014, the Appeals Council notified Plaintiff that it had vacated the ALJ's decision and remanded the case to the ALJ for further proceedings, including a new hearing (Dkt. No. 34-3; Dkt. No. 41 at 1).[4] On December

---

[4] According to the Appeals Council's notice to Plaintiff, Sections 404.987-404.989 of Title 20 of the Code of Federal Regulations apply to reopening a case due to an error in a benefit computation (Dkt. No. 34-3 at 4). Section 404.988(b) permits a decision to be reopened "[w]ithin four years of the date of the notice of the initial determination" for "good cause," as defined in § 404.989. 20 C.F.R. § 404.988(b). "A clerical error in the computation or recomputation of benefits" constitutes "good cause" to reopen a decision. 20 C.F.R. § 404.989(a)(2). Though the Appeals Council determined that the notice of initial determination in Plaintiff's case was issued on November 11, 2010, the ALJ found that the SSA's protest to the Appeals Council was not timely because it was initiated beyond four years of the initial decision

12, 2013, Plaintiff asked this court to issue a temporary restraining order and/or preliminary injunction to prevent the hearing on the ground that the Appeals Council did not have jurisdiction to remand the case to the ALJ (Dkt. No. 23). The Commissioner agreed to stay the ALJ's hearing pending the court's decision on Plaintiff's motion (Dkt. No. 40). On December 30, 2014, Magistrate Judge Kenneth P. Neiman denied Plaintiff's motion for a writ of mandamus based on Plaintiff's failure to exhaust the administrative avenues of relief made available when the Appeals Council reopened the case and remanded it to the ALJ (Dkt. No. 41). Judge Neiman further denied Plaintiff's motion for a temporary restraining order and/or preliminary injunction, closed the case, and remanded it to the ALJ for hearing (*id.*). *See Stewart v. Colvin*, Civil Action No. 13-30092-KPN, 2014 WL 7405753, at *1-2 (D. Mass. Dec. 30, 2014), *remanded*, No. 15-1162 (1st Cir. Jan. 13, 2016). Plaintiff appealed Judge Neiman's ruling (Dkt. Nos. 42, 45, 46). On January 13, 2016, the First Circuit affirmed Judge Neiman's decision, concluding that "exhaustion of administrative remedies is required" (Dkt. No. 45).

The ALJ who presided over the first hearing in September 2012 also presided over the second hearing and issued her decision on September 30, 2016 (Dkt. No. 47-7). The ALJ addressed whether: (1) there was an overpayment or underpayment of Plaintiff's and her children's retroactive SSDI benefits considering the workers' compensation offset; (2) there was an error in the settlement terms that were incorporated into her September 25, 2012 decision; and (3) the SSA's protest was timely (Dkt. No. 47-7 at 6). The ALJ determined that Plaintiff was entitled to recover the settlement amount that was included in her September 25, 2012 decision (Dkt. No. 47-7 at 6-12). Consequently, the ALJ found that Plaintiff and her children had been

---

of June 2, 2009 (Dkt. No. 34-3 at 4; Dkt. No. 47-7 at 9). This discrepancy was not addressed by the parties and is inconsequential to this court's decision.

underpaid and awarded the following: $11,520 to Plaintiff; $6,298 to her daughter; and $4,020 to her son (Dkt. No. 47-7 at 11-12). These amounts were to be reduced by the "maximum amount [of attorney's fees] allowed" (Dkt. No. 47-7 at 12).

Because Plaintiff had not received payment on December 28, 2016, she filed another motion for a writ of mandamus (Dkt. No. 47). On February 21, 2017, the Commissioner opposed Plaintiff's motion and moved for dismissal of her complaint based on payment to Plaintiff and her children on or about February 2 and 6, 2017 (Dkt. No. 53-1). Plaintiff agrees that so much of her motion as was directed at obtaining payment from the Commissioner is moot, but argues that she is entitled to attorneys' fees and costs under the EAJA (Dkt. No. 54). The Commissioner disputes this contention (Dkt. No. 57).

    III.    DISCUSSION

    A.    Payment of Retroactive Benefits

Settled law makes clear -- and the parties agree -- that Plaintiff's request for mandamus is moot. Plaintiff sought issuance of a writ of mandamus from this court to compel the Commissioner to pay the retroactive benefits that the ALJ awarded to Plaintiff on September 30, 2016 (Dkt. No. 47). "Mandamus is regarded as an extraordinary writ reserved for special situations." *In re City of Fall River*, 470 F.3d 30, 32 (1st Cir. 2006). *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). "Among its ordinary preconditions are that the agency or official have . . . failed to act . . . in disregard of a clear legal duty and that there be no adequate conventional means for review." *In re City of Fall River*, 470 F.3d at 32. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.");

*Moriarty v. Colvin*, Civil Action No. 13-30157-KPN, 2014 WL 4966083, at *4 (D. Mass. Sept. 30, 2014) ("Section 1361 provides that district courts 'shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'") (quoting 28 U.S.C. § 1361).

Plaintiff's request for mandamus relief was rendered moot when the Commissioner satisfied her payment obligation before this court acted on Plaintiff's motion. *See Marcano v. Apfel*, 112 F. Supp. 2d 227, 229 (D.P.R. 2000) ("[M]ost of [p]etitioner's claims [that were the subject of the writ of mandamus] have in fact become moot because they have been paid."). A court lacks jurisdiction if a case is moot. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions;' [its] impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (citations omitted); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *McLaughlin v. Boston Sch. Comm.*, 952 F. Supp. 33, 35 (D. Mass. 1996). Consequently, denial of Plaintiff's mandamus motion is warranted.

B.  Award of Attorney's Fees and Expenses under the EAJA

Plaintiff suggests that her request for an award of attorney's fees and expenses under the EAJA survives despite the fact that her motion for mandamus is moot (Dkt. No. 54).[5] The EAJA

---

[5] Although Plaintiff's motion for a writ of mandamus also seeks costs "pursuant to 31 U.S.C. [§] 304(a)(3)(A)" (Dkt. No. 47 at 6), § 304 of Title 31 of the United States Code describes the United States Mint. *See* 31 U.S.C. § 304. Because Plaintiff's submissions and oral argument to the court address recovery under the EAJA (Dkt. NO. 47-1, 47-4, 47-6), the court analyzes whether she is entitled to attorney's fees and costs under this statute.

requires a fee and expense request to be filed within thirty days of the entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).[6] The court agrees with the Commissioner that Plaintiff's fee request is premature because "final judgment" in the case has not yet entered. 28 U.S.C. § 2412(d)(1)(B). *See Harmon v. U.S. ex rel. Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996) ("[T]he better course is for the district court to refrain from passing on the question of attorney fees until the litigation is final for purposes of the EAJA."); *Currier v. Leavitt*, 490 F. Supp. 2d 1, 9 (D. Me. 2007).

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a writ of mandamus (Dkt. No. 47) is denied, and the Commissioner's motion to dismiss (Dkt. No. 52) is allowed. The case should be closed.

It is so ordered.

Dated: June 5, 2017 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[6] According to 28 U.S.C. § 2412(d)(1)(B),

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. . . .