UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERRI STEWART, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:13-cv-30092-KAR |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(Dkt. No. 66)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

Now before the court is a motion by Plaintiff Sherri Stewart ("Plaintiff") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees and expenses incurred to obtain retroactive Social Security Disability Insurance ("SSDI") benefits. Plaintiff seeks attorney's fees in the amount of $33,808.34 for work performed from September 25, 2012 through July 21, 2017. The Acting Commissioner of the Social Security Administration ("Commissioner") opposes the Plaintiff's request. The parties have assented to the court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the court DENIES Plaintiff's motion for attorney's fees and expenses.

II. BACKGROUND

The protracted history of this case, as set out in *Stewart v. Berryhill*, Civil Action No. 3:13-cv-30092-KAR, 2017 WL 2435281 (D. Mass. June 5, 2017), is as follows:

1

On April 10, 2009, Plaintiff applied for SSDI (Dkt. No. 1-3 at 6). She was found not disabled on June 2, 2009 (Dkt. No. 47-7 at 4). However, on November 11, 2010, upon reconsideration, she was determined to have been disabled as of December 2008 and was awarded retroactive benefits from December 2008 to October 2010 (Dkt. No. 1-3 at 6; Dkt. No. 47-7 at 4). On February 18, 2011 and March 23, 2011, the Social Security Administration ("SSA") billed Plaintiff for its alleged overpayment of her retroactive SSDI benefits due to offsets by workers' compensation benefits that she received (Dkt. No. 1-3 at 6).[1] Plaintiff disagreed with the SSA's calculation of the amount of the offset, claimed that she was owed additional retroactive SSDI benefits, and requested a hearing before an Administrative Law Judge ("ALJ") after the SSA denied her request for reconsideration (Dkt. No. 1-3 at 6). On September 7, 2012, Plaintiff and the SSA's Office of Dispute Resolution ("ODAR") agreed on a settlement amount, which they recommended to the ALJ (Dkt. No. 47-7 at 5). On September 25, 2012, accounting for the workers' compensation offset, the ALJ awarded the following retroactive benefits to which Plaintiff and ODAR had agreed: $11,520 to Plaintiff; $6,298 to her daughter; and $4,020 to her son (Dkt. No. 1-3 at 7-8; Dkt. No. 47-7 at 5).

Because the Commissioner did not pay the retroactive SSDI benefits the ALJ awarded, on May 3, 2013, Plaintiff sought mandamus relief in this court (Dkt. No. 1; Dkt. No. 1-3 at 8). In August 2013, a claims authorizer in the Centralized ALJ Group of the Processing Center of the SSA's Office of Centralized Operations reviewed Plaintiff's file in response to her writ of mandamus and determined that the ALJ miscalculated Plaintiff's workers' compensation offset for December 2008 through July 2010 and, thus, the ALJ's decision was erroneous (Dkt. No. 14-1 ¶¶ 3, 5, 6, 7). The claims authorizer referred the case to the Appeals Council by submitting a "protest memorandum" (Dkt. No. 14-1 at ¶ 9). On January 24, 2014, the Appeals Council notified Plaintiff that it had vacated the ALJ's decision and remanded the case to the ALJ for further proceedings, including a new hearing (Dkt. No. 34-3; Dkt. No. 41 at 1). On December 12, 2013, Plaintiff asked this court to issue a temporary restraining order and/or preliminary injunction to prevent the hearing on the ground that the Appeals Council did not have jurisdiction to remand the case to the ALJ (Dkt. No. 23). The Commissioner agreed to stay the ALJ's hearing pending the court's decision on Plaintiff's motion (Dkt. No. 40). On December 30, 2014, Magistrate Judge Kenneth P. Neiman denied Plaintiff's motion for a writ of mandamus based on [a lack of subject matter jurisdiction under 28 U.S.C. § 1331 and] Plaintiff's failure to exhaust the administrative avenues of relief made available when the Appeals Council reopened the case and remanded it to the ALJ (Dkt. No. 41). [Magistrate] Judge Neiman further denied Plaintiff's motion for a temporary restraining order and/or preliminary injunction, closed the case, and remanded it to the ALJ for

---

[1] "[S]ection 224(a) of the [Social Security] Act, 42 U.S.C. § 424a(a), provides for an offset of workers' compensation benefits against SSDI benefits, *i.e.,* SSDI benefits are to be reduced for any month (prior to the month in which the individual attains the age of 65) in which the individual is entitled to both SSDI and periodic workers' compensation benefits so that the benefit total from the two sources does not exceed eighty percent of his pre-disability earnings." *Avery v. Astrue*, 602 F. Supp. 2d 266, 268 (D. Mass. 2009).

hearing (*id.*).  *See Stewart v. Colvin*, Civil Action No. 13-30092-KPN, 2014 WL 7405753, at *1-2 (D. Mass. Dec. 30, 2014), *remanded*, No. 15-1162 (1st Cir. Jan. 13, 2016).  Plaintiff appealed [Magistrate] Judge Neiman's ruling (Dkt. Nos. 42, 45, 46).  On January 13, 2016, the First Circuit affirmed [Magistrate] Judge Neiman's decision, concluding that "exhaustion of administrative remedies is required" (Dkt. No. 45).

> The ALJ who presided over the first hearing in September 2012 also presided over the second hearing and issued her decision on September 30, 2016 (Dkt. No. 47-7).  The ALJ addressed whether:  (1) there was an overpayment or underpayment of Plaintiff's and her children's retroactive SSDI benefits considering the workers' compensation offset; (2) there was an error in the settlement terms that were incorporated into her September 25, 2012 decision; and (3) the SSA's protest was timely (Dkt. No. 47-7 at 6).  The ALJ determined that Plaintiff was entitled to recover the settlement amount that was included in her September 25, 2012 decision (Dkt. No. 47-7 at 6-12).  Consequently, the ALJ found that Plaintiff and her children had been underpaid and awarded the following:  $11,520 to Plaintiff; $6,298 to her daughter; and $4,020 to her son (Dkt. No. 47-7 at 11-12).  These amounts were to be reduced by the "maximum amount [of attorney's fees] allowed" (Dkt. No. 47-7 at 12).
>
> Because Plaintiff had not received payment on December 28, 2016, she filed another motion for a writ of mandamus (Dkt. No. 47).  On February 21, 2017, the Commissioner opposed Plaintiff's motion and moved for dismissal of her complaint based on payment to Plaintiff and her children on or about February 2 and 6, 2017 (Dkt. No. 53-1).  Plaintiff agree[d] that so much of her motion as was directed at obtaining payment from the Commissioner [was] moot, but argue[d] that she [was] entitled to attorneys' fees and costs under the EAJA (Dkt. No. 54).  The Commissioner dispute[d] this contention (Dkt. No. 57).

*Id.* at *1-2 (footnote omitted).  On June 5, 2017, the undersigned determined that Plaintiff's request for attorney's fees and expenses under the EAJA was premature because "final judgment" had not yet entered, denied Plaintiff's motion for a writ of mandamus, and allowed the Commissioner's motion to dismiss.  *Id.* at *3 (quoting 28 U.S.C. § 2412(d)(1)(B)).  Thereafter, Plaintiff moved for fees and expenses (Dkt. No. 66).  The Commissioner opposed Plaintiff's motion, Plaintiff responded to the Commissioner's opposition, and the Commissioner replied (Dkt. Nos. 68, 69, 72).

III.  DISCUSSION

3

The Commissioner opposes an award of attorney's fees and expenses under the EAJA alleging that: (1) Plaintiff was not a "prevailing party" as that term is used under the EAJA; (2) if Plaintiff is deemed to be a prevailing party, her application for fees is untimely with respect to fees incurred for work performed from September 25, 2012 through December 30, 2014; and (3) Plaintiff's attorney's requested hourly rate of $250 is excessive (Dkt. No. 68). In the court's view, binding precedent compels the conclusion that Plaintiff is not a "prevailing party" as that term has been interpreted. Because Plaintiff did not meet the precondition of being a prevailing party as the EAJA defines that term, *see* 28 U.S.C. § 2412(d)(1)(A), she cannot recover under the statute. Consequently, the court's discussion is limited to the first of the Commissioner's three objections.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The purpose of the Act is 'to ensure that certain individuals . . . will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved.'" *Aronov v. Napolitano*, 562 F.3d 84, 88 (1st Cir. 2009) (quoting *Scarborough v. Principi,* 541 U.S. 401, 407 (2004)). "The EAJA 'reduces the disparity in resources between individuals . . . and the federal government.'" *Aronov*, 562 F.3d at 88 (quoting H.R. Rep. No. 99–120(I), at 4 (1985), *reprinted in* 1985 U.S.C.C.A.N. 133).

Only a "prevailing party" is entitled to an award under the EAJA. 28 U.S.C. § 2412(d)(1)(A). *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("In designating those parties eligible for an award of litigation

costs, Congress employed the term 'prevailing party,' a legal term of art."). The Supreme Court defined "prevailing party" in *Buckhannon* as "one who has been awarded some relief *by the court* . . . ." *Id.* (emphasis added). "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" *Id.* at 604 (quoting *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). In other words, EAJA recovery is limited to litigants who succeed in a case in which there is a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. "A party's mere success in accomplishing its objectives . . . is insufficient to confer it prevailing party status." *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013). *See Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 293 (1st Cir. 2001) ("'[A] plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'") (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). Prevailing party status has been construed as requiring satisfaction of the following conditions: "[1] there has been a court-ordered 'material alteration of the legal relationship of the parties,' [2] that order has been reduced to an enforceable judgment, and [3] the judgment has been approved by the court." *Walsh v. Bos. Univ.*, 661 F. Supp. 2d 91, 94 (D. Mass. 2009) (quoting *Buckhannon*, 532 U.S. at 604). The *Buckhannon* Court's reasoning applies "'generally to all fee-shifting statutes that use the "prevailing party" terminology . . . .'" *Smith v. Fitchburg Pub. Schs.,* 401 F.3d 16, 22 n.8 (1st Cir. 2005) (quoting *Doe v. Bos. Pub. Schs.*, 358 F.3d 20, 25 (1st Cir. 2004)). *See also Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011) ("The concepts that shape the term ['prevailing party'] apply broadly to the entire universe of federal fee-shifting statutes.").

Plaintiff has failed to establish the EAJA's threshold requirement of being a prevailing party in light of the absence of court-ordered relief on the merits of her claims at both stages of the litigation (Dkt. No. 69 at 1). *See Walsh*, 661 F. Supp. 2d at 94. Although 42 U.S.C. § 405(g) entitles a claimant to seek review of a decision by the Commissioner, Plaintiff's first motion for mandamus, which was filed on May 3, 2013, did not seek review under § 405(g) (Dkt. No. 1). *See* 42 U.S.C. §405(g). Instead, pursuant to the federal question jurisdiction statute, 28 U.S.C. § 1331, Plaintiff asked the court to order the SSA to pay the amount the ALJ awarded on September 25, 2012 (*id.*). Thereafter, the Appeals Council notified Plaintiff that it had reopened the ALJ's decision due to the alleged miscalculation of the worker's compensation offset and, on January 24, 2014, it remanded the case to the ALJ for further proceedings, including a new hearing. [2] On December 30, 2014, Magistrate Judge Neiman denied Plaintiff's motion for mandamus based, in part, on the court's lack of subject matter jurisdiction under § 1331 and because, in light of the Appeals Council's decision to reopen the case and remand it to the ALJ, mandamus was not available to Plaintiff who failed to exhaust all available administrative remedies (Dkt. No. 41). Magistrate Judge Neiman also denied Plaintiff's December 12, 2013 request for a temporary restraining order/preliminary injunction to preclude the second hearing before the ALJ (*id.*). He ordered the case to be closed and remanded to the SSA to conduct the

---

[2] According to the Appeals Council's notice to Plaintiff, Sections 404.987-404.989 of Title 20 of the Code of Federal Regulations apply to reopening a case due to an error in a benefit computation (Dkt. No. 34-3 at 4). Section 404.988(b) permits a decision to be reopened "[w]ithin four years of the date of the notice of the initial determination" for "good cause," as defined in § 404.989. 20 C.F.R. § 404.988(b). "A clerical error in the computation or recomputation of benefits" constitutes "good cause" to reopen a decision. 20 C.F.R. § 404.989(a)(2). The Appeals Council determined that the notice of initial determination in Plaintiff's case was issued on November 11, 2010. The ALJ found that the SSA's protest to the Appeals Council was not timely because it was initiated beyond four years of the initial decision of June 2, 2009 (Dkt. No. 34-3 at 4; Dkt. No. 47-7 at 9).

second hearing (*id.*). The First Circuit affirmed Magistrate Judge Neiman's decision (Dkt. No. 45).

Plaintiff's second motion for a writ of mandamus on December 28, 2016 sought to direct the Commissioner to pay the retroactive SSDI benefits the ALJ awarded on September 30, 2016 after the second hearing. *See Stewart*, 2017 WL 2435281, at *3. Following the Commissioner's payment of the benefits in February 2017, the court issued an order denying Plaintiff's request for mandamus relief and granted the Commissioner's motion to dismiss the case as moot. *See id.* at *2-3.

*Buckhannon's* rejection of the so-called "catalyst theory" precludes a finding that Plaintiff was a prevailing party under the EAJA (Dkt. No. 69 at 3-5). *Buckhannon*, 532 U.S. at 605. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* The Court concluded that its "precedents . . . counsel[ed] against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id. See Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 n.5 (1st Cir. 2009) (rejecting plaintiff's catalyst argument); *Aronov*, 562 F.3d at 89 (*Buckhannon* "held that mere success in accomplishing a party's objectives is insufficient to be a prevailing party for a fee award. The Court rejected the catalyst theory which had been accepted by many circuits, including this one.") (citing *Buckhannon*, 532 U.S. at 606); *Alonso-Velez v. Comm'r of Soc. Sec.*, 796 F. Supp. 2d 300, 303 n.4 (D.P.R. 2011) (noting that plaintiff could not claim prevailing party status under a catalyst theory after *Buckhannon*).

Relying on *Rice Servs., Ltd. v. United States*, 405 F.3d 1017 (Fed. Cir. 2005), Plaintiff contends that she has prevailing party status and is entitled to EAJA relief because she received a

judgment on the merits on December 30, 2014 when Magistrate Judge Neiman ordered that the case be closed and remanded to the SSA for the second hearing (Dkt. No. 41 at 2; Dkt. No. 69 at 4-5). However, *Rice's* holding supports the Commissioner's position that Plaintiff is not a so-called prevailing party and, instead, is advancing a catalyst theory. In *Rice*, the plaintiff sought judicial relief from the Department of the Navy's failure to comply with the terms of its solicitation before awarding a contract to another party. *Id*. at 1018-19. In *Rice*, as here, the government voluntarily "undertook remedial action" before the court ruled on the plaintiff's requests for relief. *Id.* at 1027. Once the government informed the court that remedial action was underway, the court found the plaintiff's "'protest . . . *essentially moot*'" and dismissed the case "without reaching the merits." *Id.* An order that "[t]he remedial action described and promised in [the government's] submission shall be undertaken" was included in the dismissal order's first paragraph. *Id.* at 1026 at n.5. The appellate court rejected the plaintiff's contention that this portion of the dismissal order materially altered the legal relationship between the parties thereby affording the plaintiff prevailing party status under the EAJA. *Id.* at 1027. The court found that even if the plaintiff's motion was a catalyst for the government voluntarily undertaking remedial measures, the plaintiff was not a prevailing party. *Id.* The court explained:

> *Buckhannon* does not allow a court to take what would otherwise be a "catalyst theory" case and convert it — through language like that used in paragraph one of the Dismissal Order — into a case where the plaintiff is nevertheless accorded "prevailing party" status. Were we to hold otherwise, the Court's holding in *Buckhannon* could be easily circumvented by any order "directing" a party to take action.

*Id.* Similar reasoning requires the conclusion that Magistrate Judge Neiman's order denying Plaintiff's request for relief, closing the case without entering a judgment on the merits, and directing the Commissioner to hold the hearing that she had voluntarily determined was required does not convert Plaintiff's catalyst theory case into one that permits her to obtain attorney's fees

as a prevailing party under the EAJA. *Contrast Castañeda-Castillo*, 723 F.3d at 58-59 (plaintiff qualified as a prevailing party based on the court's order of remand to a government agency, retention of jurisdiction, and entry of final judgment on the merits after plaintiff succeeded in the remand proceedings before the agency).

Plaintiff further contends that her second motion for a writ of mandamus filed in December 2016 caused the Commissioner to make the payment in February 2017, and, therefore, the payment was not made voluntarily (Dkt. No. 69 at 3-4). However, in similar circumstances, courts have interpreted the Supreme Court's rejection of the catalyst theory as requiring denial to plaintiffs of prevailing party status that would entitle those plaintiffs to EAJA fees. *Compare Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (plaintiff did not "fit the definition of a 'prevailing party'" where defendants voluntarily gave plaintiff the relief he sought and, thereafter, the court dismissed plaintiff's action for a declaratory judgment and mandamus as moot and did not award the requested relief); *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1258 (11th Cir. 2006) (plaintiffs were not "prevailing parties" because they "did not obtain relief on the merits of their claim;" instead, the government voluntarily acted on their applications before the district court entered final judgment and, then, the court dismissed the case as moot).

Presuming that she is a prevailing party and, citing *Pierce v. Underwood*, 487 U.S. 552 (1988), Plaintiff argues that the "substantially justified" or "special circumstances" exceptions to the EAJA do not warrant denying her request for attorney's fees in light of the Commissioner's alleged bad faith (Dkt. No. 69 at 1-3 & n.1). *Id.* at 557, 568-71. Because Plaintiff fails to establish that she was a prevailing party, however, the Commissioner's alleged bad faith does not enter into the analysis of whether or not to award attorney's fees and expenses under 20 U.S.C. §

9

2412(d). *See Castañeda-Castillo*, 723 F.3d at 57 (in order to prove eligibility for an award of attorneys' fees under the EAJA, a plaintiff "must establish (1) that he is the prevailing party in the civil action; (2) that his petition was timely filed; (3) that the government's position was not substantially justified; and (4) that no special circumstances make an award against the government unjust."). *Compare Rodrigues v. Colvin*, Civil Action No. 13-30207-MGM, 2015 WL 6157909, at *2-3 (D. Mass. 2015) (addressing the appropriate amount of attorney's fees under the EAJA after the parties agreed that plaintiff was a prevailing party and finding that the "'special circumstances'" exception to § 2412(d)(1)(A), which considers a plaintiff's bad faith, did not apply to the facts of the case); *GasPlus, L.L.C. v. U.S. Dept. of the Interior*, 593 F. Supp. 2d 80, 85-88 (D.D.C. 2009) (plaintiff who obtained a judgment on the merits was a prevailing party under the EAJA and was entitled to attorney's fees under § 2412(d)(1)(A), but was not entitled to an award of attorney's fees under § 2412(b), which permits a discretionary fee award to a prevailing party if the court finds the government acted in bad faith).

IV. CONCLUSION

The Commissioner's delay in paying Plaintiff benefits she had agreed to pay is regrettable, but Plaintiff did not obtain "judicial relief." *Buckhannon*, 532 U.S. at 606. Accordingly, she is not a prevailing party and is not entitled to recover attorney's fees and expenses under the EAJA. [3]

---

[3] Plaintiff requests an additional award of $5,459.25, which, apparently, is the amount of attorney's fees withheld from her retroactive benefits award that was incurred to obtain the favorable ALJ decision (Dkt. No. 66). The Commissioner correctly notes that recovery under the EAJA is limited to attorney's fees incurred "in any civil action." 28 U.S.C. § 2412(d)(1)(A). Because judicial review of the Commissioner's final decision is obtained by commencing a "civil action" in the district court, the EAJA does not entitle Plaintiff to recover attorney's fees for work performed at the administrative level. 42 U.S.C. § 405(g). *See Perkins v. Astrue*, 568 F. Supp. 2d 102, 103 n.1 (D. Mass. 2008) ("While the EAJA applies to civil actions filed in *court*, a separate statute provides that, at the *administrative* level, Social Security claimants, in limited

For the foregoing reasons, Plaintiff's motion for attorney's fees and expenses (Dkt. No. 66) is DENIED. The clerk's office is directed to close the case.

It is so ordered.

Dated: October 23, 2017

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

circumstances, may be entitled to attorney's fees equal to a certain percentage of the claimant's recovery.") (citing 42 U.S.C. § 406).